**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 2:26-cr-00035-001** |
| | ) | |
| **v.** | ) | **JUDGE MORRISON** |
| | ) | |
| **SHANNON "MICHAEL" MCTIGHE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>DEFENDANT SHANNON "MICHAEL" MCTIGHE'S SENTENCING MEMORANDUM</u>

Shannon "Michael" McTighe ("McTighe"), through undersigned counsel, respectfully submits this Sentencing Memorandum to aid this Court in its consideration of the Rule 11(c)(1)(A) plea agreement, and corresponding plea entered on March 16, 2026 and, ultimately, aid in the imposition of an appropriate sentence in this case. For the reasons set forth below, this Court should accept the plea agreement. However, and not withstanding certain Fourth and Eleventh Circuit authority, McTighe seeks a downward variance from the applicable guidelines of the prison sentence. There are no objections for the Court's consideration prior to imposing sentence.

## I.     ADVISORY SENTENCING GUIDELINES

The Final Pre-Sentence Report ("**PSR**"), sets forth a Total Offense Level of 43, after consideration of McTighe's timely acceptance of responsibility. The PSR determined a Criminal History Category ("**CHC**") score of zero which establishes a CHC of I (PSR, p. 18).

McTighe's Total Offense Level is 43, and the resulting advisory sentencing range, after consideration of U.S.C. § 5GI.2(b), is 960 months imprisonment, since the statutorily authorized sentences are less than the applicable guideline range.

## II.    RELEVANT FACTORS UNDER 18 U.S.C. § 3553(a)

### A.  History and Characteristics of the Defendant

The PSR provides this Court with an in-depth recitation of McTighe's history and background. He presents himself before this Court as a 46-year-old Ohio native who was raised by his biological mother and stepfather. He never knew his biological father. Alcohol and marijuana usage was a common occurrence with McTighe's stepfather. As noted in the PSR, McTighe was exposed to Playboy magazines beginning at age 5. Though perhaps repressed, McTighe's brother communicated that McTighe suffered some form of brain trauma arising from an assault on him when he came to the rescue of a young female. His brother recounts that McTighe suffered an orbital socket fracture requiring hospitalization and surgery.

### B.  Nature and Circumstances of the Offense

The PSR and Statement of Facts appended to Plea Agreement adequately detail the nature and circumstances of the offense. McTighe has fully accepted responsibility for his actions as demonstrated by the Plea Agreement and PSR. He continues to accept responsibility.

### C.  Need for Sentence Imposed

Defense Counsel understands that the Court must fashion a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. The sentence must also afford adequate deterrence and protect the public from further crimes by the defendant.

### D.  Need to Avoid Unwarranted Sentencing Disparities

"Under 18 U.S.C. § 3553(a)(6), a sentencing court is instructed to consider the need to avoid unwanted sentencing disparities among defendants with similar records.  However, it is a national disparity, not a disparity between particular defendants that must be avoided." *United*

8584108.1

*States v. Frazier*, No. 12-3887, 547 Fed. Appx. 729, 2013 U.S. App. LEXIS 24072, at *21 (6th Cir. Dec. 2, 2013) (citing *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008)).  While statistical arguments have limits in sentencing proceedings (because the Court is sentencing a person, not a number), § 3553(a)(6) mandates that the Court consider whether its sentence would create a disparity among defendants with similar records.

Given Fourth Circuit and Eleventh Circuit authority that cannot be ignored, McTighe did not raise a formal objection to the 5-level enhancement applied under 4B1.5(b)(1), but suggests that a downward variance may be warranted, notwithstanding, on the basis that under the Chapter 2 analysis pertaining to Count 3, the associated 5-level enhancement had already been accounted for as a result of 2G2.2(b)(5) and/or (7). It is urged that this Court consider this argument not as an objection but as a request for a modest downward variance.

### E. Education and Vocational Training

McTighe would be well served while incarcerated to avail himself of various educational and vocational programs offered by the Bureau of Prisons.

### III. Conclusion

Based on the foregoing, Mr. McTighe respectfully urges the Court to impose a downward variance sentence of less than 960 months. Such a sentence accomplishes the statutory principles and purposes of sentencing without demeaning the seriousness of McTighe's offense.

8584108.1

Respectfully submitted,

/s/ Karl H. Schneider
Karl H. Schneider (0012881)
khschneider@eastmansmith.com
EASTMAN & SMITH, LTD.
250 Civic Center Drive, Suite 280
Columbus, Ohio 43215
Telephone: (614) 564-1470
Facsimile: (614) 280-1777
**Attorneys for Defendant**
**Shannon "Michael" McTighe**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed electronically on this 27th day of July, 2026.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Karl H. Schneider
Karl H. Schneider (0012881)
khschneider@eastmansmith.com
*Attorney for Defendant*

4

8584108.1